## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| JUSTIN HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| TODD R. CRAIG,[1] | ) |
| Warden, FCI Beckley, | ) |
| | ) |
| Respondent. | ) |

Civil Action No. 5:06-0437

### PROPOSED FINDINGS AND RECOMMENDATION

On June 5, 2006, Petitioner[2] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[3] (Document No. 1.) Petitioner alleges that he "entered into the 500 hour Residential Drug Treatment Program," but was later "informed that he was not eligible for early release consideration under 28 U.S.C. § 3621(e)." (Document No. 2, p. 2.) Petitioner argues that he "is being denied early release consideration for a crime that is not a violent crime." (Id., p. 3.) Petitioner contends that he is entitled to a sentence reduction pursuant to 18

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] On May 21, 2002, Petitioner pled guilty in the United States District Court for the Southern District of West Virginia to the offense of "Theft or Receipt of Stolen Mail" in violation of 18 U.S.C. § 1708. (Criminal Action No. 2:02-0100, Document Nos. 7 - 9.) On January 23, 2003, the District Court sentenced Petitioner to a 33 month term of imprisonment to be followed by a three year term of supervised release. Petitioner did not appeal his conviction. The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 3, 2007.

[3] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

U.S.C. § 3621(e) because he was convicted of possession of stolen mail, which is not a violent offense. (Id., pp. 3 - 4.) Petitioner states he was determined to be ineligible based upon Petitioner's sentencing enhancement for "creating the potential risk for serious bodily injury." (Id., pp. 2 and 5.) Petitioner asserts that "[t]he denial of eligibility is based upon an enhancement that is part of a system that has since been ruled invalid." (Id., p. 5.) Specifically, Petitioner claims that under Booker his base offense level was enhanced during sentencing, without the enhancements being submitted to the jury, in violation of his Sixth Amendment rights.[4] (Id., pp. 5 - 7.) Thus, Petitioner contends that he "should not be deemed to be 'violent' based on an enhancement that was plainly

---

[4] To the extent Petitioner is challenging his sentencing enhancement, his claim is one properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence based upon *Booker*. Thus, to the extent Petitioner is challenging the validity of his conviction and sentence, his Application in this case must be considered as a Motion to Vacate, Set Aside or Correct her sentence under Section 2255. Construed as a Section 2255 Motion, Petitioner's claim should be dismissed as untimely under the one year limitation period of Section 2255(f). Petitioner was sentenced on January 23, 2003, and his sentence became final ten days later when he did not file a Notice of Appeal (February 2, 2003). On June 5, 2006, approximately two years and four months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence and conviction in Criminal No. 2:02-0100. Petitioner's Petition is therefore clearly untimely.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Even if Petitioner is procedurally barred from proceeding under Section 2255, he does not have recourse under Section 2241. The United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), were based upon and extended the rationale which the Court first announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). *Blakely* and *Booker* were decided after Petitioner's sentence became final, and do not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their *Apprendi* claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . . ." Additionally, the Fourth Circuit Court of Appeals has determined that *Booker*, which made *Blakely* applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).

erroneous." (Id., p. 7.) Petitioner, therefore, requests the Court "to declare that this Petitioner is eligible for early release consideration under 28 U.S.C. § 3621(e), to grant the Writ, and order the BOP to grant the sentence reduction under 3621(e)." (Id., p. 6.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of

collateral consequences, and therefore, his Section 2241 Application must be dismissed.[5] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.)); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and

---

[5] The undersigned notes that Petitioner was released from custody and his term of supervised release commenced on August 3, 2007. Even if the BOP improperly denied Petitioner a sentence reduction, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and he actually did serve more time in custody than he should have, there would be no collateral consequence as he serves his term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release cannot be reduced.

Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge